

FILED by _____ D.C.
ELECTRONIC

**MAR. 3, 2010**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

# 10-60306-CIV-Jordan/McAliley

VALERIE DAVIS, an individual, on behalf of
herself and all others similarly situated,

       Plaintiff,

vs.

KATZMAN GARFINKEL, P.A.,
a Florida professional association, d/b/a
"Katzman Garfinkel Rosenbaum,"

       Defendant.

_____/

**COMPLAINT-CLASS ACTION**

### COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Valerie Davis, an individual, on behalf of herself and all others similarly

situated sues Defendant, Katzman Garfinkel, P.A., a Florida professional association, doing

business as "Katzman Garfinkel Rosenbaum, "and alleges:

### I.  PRELIMINARY STATEMENT

1.      This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more

commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.

### II.  JURISDICTION

2.      The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C.

§1337.

1

Case 0:10-cv-60306-AJ Document 1 Entered on FLSD Docket 03/03/2010 Page 2 of 12



FILED by _____ D.C.
ELECTRONIC

MAR. 3, 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### III.  ALLEGATIONS AS TO PARTIES

3.      Plaintiff, Valerie Davis ("Ms. Davis"), is *sui juris* and a resident of Broward County, Florida.

4.      At all times material hereto, Defendant, Katzman Garfinkel, P.A., was a Florida professional association, doing business in Miami-Dade, Broward and Palm Beach Counties, Florida as "Katzman Garfinkel Rosenbaum" ("Collection Law Firm").

5.      The Collection Law Firm is or was engaged in the collection of debts from consumers using the mail and telephone. The Collection Law Firm regularly attempted to collect consumer debts alleged to be due to another in Broward, Palm Beach and Miami-Dade Counties, Florida.

### IV.  FACTUAL ALLEGATIONS

#### A. Improper Validation Notice

6.      For an extended period of time, the Collection Law Firm acted as collection attorneys for various condominium and homeowner associations in the State of Florida, including but not necessarily limited to Brookfield Square Condominium Association, Inc. ("Association").

7.      In the course of its representation of the various condominium and homeowners associations, the Collection Law Firm regularly collected or attempted to collect monies from consumers for delinquent condominium and homeowner association fees and assessments ("Association Fees").

8.      On or about April 10, 2009, the Collection Law Firm sent or caused to be sent to Ms. Davis written correspondence, known more commonly in the collection industry as a "dunning letter" for the purpose of collecting monies for Association Fees purportedly owed by

2

Ms. Davis to the Association ("Initial Collection Communication").

9.    A true and correct copy of the Initial Collection Communication is attached hereto and incorporated by reference as Exhibit "A."

10.    The Collection Law Firm through the Initial Collection Communication stated, *inter alia*, as follows:

> **Unless, within thirty (30) days of the <u>date of this letter</u>, you dispute the validity of this debt (or any portion thereof) owed to the association, this office shall assume the debt is valid. If you notify this office in writing within the thirty (30) day period that the debt (or any portion thereof) is disputed, this office shall obtain written verification of the debt from the association and mail same to you. This law firm is a "debt collector" under the Fair Debt Collection Practices Act. We are attempting to collect a debt, and any information obtained will be used for that purpose.**

(boldface by Defendant; underlining by Plaintiff)

11.    Through the Initial Collection Communication, the Collection Law Firm demanded payment "no later than thirty (30) days from the date of [the Initial Collection Communication]."

## B. Unlawful Attorney Fee Claim

12.    The Collection Law Firm through the Initial Collection Communication attempted to collect the sum of One Hundred Seventy-Five Dollars ($175.00) as and for "attorney's fees" ("Attorney Fee Claim").

13.    For an extended period of time prior to the filing of the instant action, the Collection Law Firm has maintained a practice and pattern of transmitting or causing to be transmitted dunning letters in the form of the Initial Collection Communication to consumers

3

such as Ms. Davis for various homeowners and condominium associations in the State of Florida which demanded that the consumer pay attorney's fees in the amount of the Attorney Fee Claim.

14.     The Attorney Fee Claim does not represent the reasonable time spent by the Collection Law Firm in the preparation and transmission of the Initial Collection Communication and other documents pertaining to the consumer debt. Rather, the Collection Law Firm mass produced dunning letters such as the Initial Collection Communication in such a manner as the Collection Law Firm was able to collect monies for "attorney's fees" which are not in fact incurred and which could not be lawfully collected from consumers under Florida law.

## V.  DEFENDANT'S PRACTICES

15.     It is or was the policy and practice of the Collection Law Firm to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumer debts under 15 U.S.C. §1692g.

16.     It is or was the policy and practice of the Collection Law Firm to send collection letters in the form of Exhibit "A" to consumers wherein the Collection Law Firm charged or attempted to charge for attorneys fees for which the Collection Law Firm was not entitled to recover from consumers such as Ms. Davis.

## VI.  CLASS ACTION ALLEGATIONS

17.     This action is brought on behalf of a class consisting of (i) all persons with addresses in the State of Florida (ii) to whom letters in the same or substantially similar form as Exhibit "A" were sent on behalf of the Association (iii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendants,

4

was incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the complaint in this action.

18.     Plaintiff alleges on information and belief based on the Defendant's use of letters in the form of Exhibit "A" that the class is so numerous that joinder of all members is impractical. Based on Defendant's use of letters in the form of Exhibit "A," Plaintiff estimates that the class includes hundreds or thousands of class members.

19.     There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form of Exhibit "A." The principal legal issues are whether Defendant's letters in the form of Exhibit "A" violate the FDCPA by (i) failing to properly inform the consumer with respect to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g (ii) by making false or misleading representations in violation of 15 U.S.C. §1692e, and (iii) by using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

20.     Ms. Davis's claim is typical of those of the class members. All are based on the same facts and legal theories.

21.     Ms. Davis will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

5

22.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1)   The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2)   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

24.     Ms. Davis requests certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII.  ALLEGATIONS OF LAW

### A. General

25.     At all times material hereto, Ms. Davis was a  "consumer" as said term is defined under 15 U.S.C. §1692a(3).

26.     At all times material hereto, Brookfield Square Condominium Association, Inc. was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

27.     At all times material hereto, the Association Fees purportedly owed to Brookfield Square Condominium Association, Inc. represented by the Collection Law Firm was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

28.     At all times material hereto, the Collection Law Firm was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

6

### B.  Validation Violation

#### *1.  General*

29.     15 U.S.C. §1692g(a) provides, in pertinent part, the following:

Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1)   The amount of the debt;

(2)   The name of the creditor to whom the debt is owed;

(3)   A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)   A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)   A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

#### *2.  Overshadowing Violation*

30.     15 U.S.C. §1692g affords consumers "thirty days from the receipt" of the so-

called validation notice represented by the Initial Collection Communication to dispute the debt,

to request verification and to obtain the name and address of the original creditor, if applicable.

7

Despite the foregoing, Defendant through the Initial Collection Communication demanded payment from Ms. Davis "within thirty (30) days of the date" of the Initial Collection Communication.

31.     The demand for payment "within thirty (30) days" from the date of the Initial Collection Communication overshadowed and was inconsistent with the rights of Ms. Davis to dispute the debt or to request the name and address of the original creditor in contravention of 15 U.S.C. §1692g(b).

### 3. Failure to Disclose Proper Validation Period

32.     The confusion created by Defendant with respect to the disclosure of the rights of debt verification under the FDCPA is compounded by the failure of Defendant to properly inform consumers such as Ms. Davis of the proper time period for requesting validation of debts represented by the by the Association Fees. In particular, 15 U.S.C. §1692g(a)(3), (4) and (5), state that the validation period continues through "thirty days after receipt of the notice." In contrast to the requirements of 15 U.S.C. §1692g(a)(3), (4) and (5), that the validation period commences upon receipt of the notice by the consumer, Defendant states that the validation period terminates "within thirty days" from the date of the Initial Collection Communication.

### C. Unlawful Attorney Fee Claim

33.     With respect to the attempt by Defendant to collect the Attorney Fee Claim, as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

a.     the use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §§1692e, e(2) and e(10);

8

and

      b.    the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

34.    The failure to properly inform the consumer as to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g.

            *             *             *

35.    As a result of Defendant's conduct, Plaintiff and the class are entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

36.    Plaintiff and the class are entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, Valerie Davis, an individual, requests judgment be entered in her favor and in favor of the class against Defendant, Katzman Garfinkel P.A., a Florida professional association doing business as "Katzman Garfinkel Rosenbaum, " for:

A.    Actual and statutory damages pursuant to 15 U.S.C. §1692k;

B.    An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

C.    Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Valerie Davis, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

_____

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
rphyu@aol.com

10

ATTORNEYS AT LAW                                          KATZMANGARFINKELROSENBAUM



COMMITTED TO COMMUNITY

April 15, 2009                          *Sent Via Certified & Regular U.S. Mail*

Donna D. Berger
Alan Garfinkel                 **Valarie Davis**
Joseph W. Janssen III          2800 NW 56 Avenue, Apt. #H207
Leigh C. Katzman               Lauderhill, FL 33313
John D. Mallah
Peter C. Mollengarden          RE:    *Brookfield Square Condo. Assoc., Inc.: Unit #H207 / Account #1200349186*
Daniel S. Rosenbaum                  *Unit Owners: Valarie Davis*
John M. Siracusa                     *Unit Address: 2800 NW 56 Avenue, Apt. #H207, Lauderhill, FL 33313*
Kenneth E. Zeilberger                *Reference No.: 49882*

Kathleen E. Angione            Dear Valarie Davis:
Yelizavera A. Batres
Mary Ann Chandler              This law firm has been retained by the above referenced community association to effectuate the
Michele R. Clancy              collection of your delinquent account. The association will file a Claim of Lien against the above
Fezie S. Corsbie               described unit for failure to pay association assessments timely unless payment in the amount of
James L. Dennis                $1,290.92 is received by this office no later than thirty (30) days from the date of this letter. This
Melissa A. Devlin              figure represents your delinquent balance of $1,115.92 as well as a $175.00 attorney's collection fee.
Brian C. Duron                 *Make your check or money order payable to: Katzman Garfinkel, Trust Account* and remit same to
Mitchell B. Holler             the address listed below. Until the above described delinquent account is paid in full, all payments
Allison L. Hertz               should be directed to this law firm. Failure to fully comply with this demand for payment, may result
Mark G. Keegan                 in the acceleration of assessments, or installments thereof, if provided for in the governing documents
Keith J. Lambdin               for the above referenced association.
Samuel Landol, Jr.
Jenniflynn E. Lawrence         **Unless, within thirty (30) days of the date of this letter, you dispute the validity of this debt (or
Chad S. Lucas                  any portion thereof) owed to the association, this office shall assume the debt is valid. If you
Karen M. Marcell               notify this office in writing within the thirty (30) day period that the debt (or any portion
Paul J. Milberg                thereof) is disputed, this office shall obtain written verification of the debt from the association
Jill M. Miller                 and mail same to you. This law firm is a "debt collector" under the Fair Debt Collection
Marie A. Nepoul                Practices Act. We are attempting to collect a debt, and any information obtained will be used
Erin H. Nevius                 for that purpose.**
Michael J. Oliver
Sharee A. Outlen               If you previously received a discharge in bankruptcy, the association seeks only to enforce its in-rem
Raymond A. Piccin              remedies with respect to any pre-petition assessments. No personal judgment will be sought for any
Cheryl L. Rosenbaum            assessments which came due prior to the date of any such bankruptcy petition was filed.
Tennille M. Shipwash           Upon this law firm's receipt of the total amount stated above within the time period stated herein, your
Laurence Trias                 account for assessments, shall be brought current through April 30, 2009.
Richard C. Voluntas
Laurel R. Wiley
Tatiana B. Yaques                              KATZMAN GARFINKEL
Stuart J. Zoberg
                                               _____
*Director of Human Resources*                  Marie A. Footopsingh Nepaul, Esq.
Marla S. Kastel                                For The Firm                           **EXHIBIT " A "**
*Firm Administrator*                                                                   ContactKGR.com
Patricia Hermoso
*Director of Finance*          Post Office Box 9337, Fort Lauderdale, FL 33310  T 954.486.7808  F 954.486.7762
Indrani S. Persaud, CPA               Ft. Lauderdale ◆ Naples ◆ Orlando ◆ St. Augustine ◆ West Palm Beach
*Director of Operations*
Corlyn A. Grieco
*Director of Client Relations*
Monica Velez



**EXHIBIT "A"**

p.2                        904-272-1261                              Dec 02 09 02:19p   Carmeal FB

NOV-30-09 10:28AM   FROM-LEGAL AID OF BROWARD

*"Original Sent for Recording"*

This Instrument Prepared By:
Record and Return To:

Name:       Marie A Potopsingh Nepaul, Esq.
            Katzman Garfinkel Rosenbaum
Address:    1501 Northwest 49th Street
            Suite 202
            Fort Lauderdale, FL 33309

## CLAIM OF LIEN

KNOW ALL MEN BY THESE PRESENTS,

*Brookfield Square Condominium Assoc., Inc.*, (hereinafter refered to as "ASSOCIATION", whose principal place of business address is 2800 NW 56th Avenue, Lauderhill, FL 33313 files this, its Claim of Lien upon the following described real property situate, lying and being in *Broward* County, State of Florida, to wit:

> Condominium Unit No. 207 Building 10,of BROOKFIELD SQUARE CONDOMINIUM, according to the Declaration of Condominium thereof, filed fro record September 27, 1979 Official Records Book 8667, Page 600,and Rerecorded on November 14, 1979 in Official Records Book 8557, Page 493, and certificate of amendment thereof recorded November 14, 1979 in Official records Book 8557, Page 487, Of the Public Records of Broward County, Florida, and all amendments thereto, together with all appurtenances thereto including undivided interest in the common elements of said condominium.

The total amount of assessments due is $1,973.84, as follows:

    Assessments due 10/01/2008 through 5/31/2009 at $246.73 per month.                     $1,973.84

plus interest at the rate of (18%) percent per annum and late fees, if any, from the dates due, less all payments received since the date of the initial delinquency. Additionally, this Claim of Lien secures interest, late fees, costs and reasonable attorneys' fees incurred by the Association pursuant to, and as provided in, the recorded governing documents for the ASSOCIATION. Further, this lien secures all assessments coming due, less any payments received since the date of the initial delinquency. For estoppel information or a payoff figure, please contact Katzman Garfinkel Rosenbaum.

The owners of said parcel are: *Valarie Davis*

IN WITNESS WHEREOF, ASSOCIATION has caused this Claim of Lien to be executed on the _____ day of May, 2009.

           *Brookfield Square Condominium Assoc., Inc.*
           C/O Katzman Garfinkel Rosenbaum
           1501 Northwest 49th Street
           Suite 202
           Fort Lauderdale, FL 33309

           BY: _____
           Agent for the Corporation
           Marie A Potopsingh Nepaul, Esq.

STATE OF FLORIDA
COUNTY OF BROWARD

    The foregoing CLAIM OF LIEN was acknowledged before me this _____ day of May, 2009 by Marie A Potopsingh Nepaul, Esq., who is personally known to me or who has produced a driver's license as identification.

WENDY HAPP
Notary Public - State of Florida
My Comm. Expires Mar 22, 2013
Commission # DD 672919

_____
Notary Public, State of Florida
My Commission Expires:

EXHIBIT "B"

p.3        1921-272-1261        904-272-1261        Carneal FB        Dec 02 09 02:19p